Filed 10/23/13  P. v. Agheli CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072922 |
| v. | (Super. Ct. No. P10CRF0512) |
| PAYAM AGHELI, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Payam Agheli has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On June 10, 2007, defendant provided alcohol to several minors at a community clubhouse.  The victim, a 15-year-old female, became extremely intoxicated and collapsed on the couch.  Although her memory of the events after that was intermittent,

1

she recalled defendant coming from behind her, pushing her shorts aside, and putting something in her vagina. Video surveillance tapes showed the victim had been staggering and falling down prior to collapsing on the couch, and showed defendant thereafter coming up behind her, adjusting her shorts, and thrusting his hips. Defendant admitted to having his penis out of his pants, having rubbed his penis on the victim's vaginal area, and inserting his fingers inside her vagina twice. He claimed he was also intoxicated at the time.

On November 2, 2007, defendant pled no contest to sexual penetration on a person who was prevented from resisting due to an intoxicating, anesthetic, and controlled substance, in violation of Penal Code section 289, subdivision (e).[1] In exchange for his plea, it was agreed he would not be sentenced to prison at the outset and three related felony charges were dismissed. The trial court granted defendant formal probation for five years with conditions including, inter alia, that defendant obey all laws, not possess marijuana, participate in alcohol and drug rehabilitation programs, submit to urine analysis, abstain from drinking alcohol, not be in places where alcohol is the chief item of sale, and obtain sex offense counseling as directed by the probation officer.

In March 2009, a petition for violation of probation was filed alleging defendant had been arrested for possession of marijuana. Defendant admitted the violation; probation was revoked and restored upon the original aforementioned conditions.

In May 2010, a second petition for violation of probation was filed alleging defendant had failed to participate in alcohol and drug rehabilitation programs and failed to submit to urine analysis. Defendant admitted the violations; probation was revoked and restored upon the original aforementioned conditions. The case was thereafter transferred from Sacramento to El Dorado County.

---

[1] Undesignated statutory references are to the Penal Code.

In January 2011, a third petition for violation of probation was filed alleging defendant had been driving under the influence of alcohol, had failed to abstain from drinking alcohol, had been in a place where alcohol is the chief item of sale, and had failed to participate in a sex offender program as directed by the probation officer. Defendant admitted the violations; probation was revoked and then restored upon the original aforementioned conditions.

In February 2012, a fourth petition for violation of probation was filed alleging defendant had failed to abstain from drinking alcohol, had committed Vehicle Code violations, had been suspended from the sex offender program, and had failed to attend required Alcoholics Anonymous meetings. Defendant admitted the violations of probation. The trial court then ordered a diagnostic evaluation pursuant to section 1203.03.

Sentencing took place on November 7, 2012, after defendant's return from the diagnostic facility. The trial court terminated probation and imposed the midterm sentence of six years in state prison. The trial court also imposed various fines and fees including a $1,200 restitution fine. Defendant received 489 actual days and 244 conduct days, for a total of 733 days of presentence custody credit.

Defendant appeals. He did not obtain a certificate of probable cause. (§ 1237.5.) We appointed counsel to represent defendant.

Appointed counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

3

## DISPOSITION

The judgment is affirmed.


                                                     _____HOCH_____, J.


We concur:


_____ROBIE_____, Acting P. J.


_____BUTZ_____, J.